# Exhibit 6

April 29, 2026

Djedje-Kossu Zahui

Grand Forks, ND 58201

The Honorable Chief Judge James E. Boasberg
U.S. District Court for the District of Columbia
333 Constitution Avenue
N.W. Washington D.C. 20001

Dear Chief Judge Boasberg,

I am writing to you as the elder brother of Mathieu in support of him as you consider sentencing. I have known him his entire life, and I hope to provide context about his character, upbringing, and the person I know him to be.

We come from a large family. He is the sixth of seven children raised by our mother (tenth of eleven raised by our father) in a small rural village in Ivory Coast shortly after the country's independence. Our father had three wives, and resources were extremely limited. Despite these challenges, we were raised with strong values centered on discipline, faith, and the importance of education. Through perseverance and the support of a U.S. Peace Corps teacher, we were fortunate to pursue opportunities in the United States.

My brother has always shown determination and resilience. He served honorably in the United States Marine Corps and later earned an MBA in finance. His accomplishments reflect not only intelligence but also discipline and commitment to self-improvement. Personally, I went on to earn a PhD in mechanical engineering, and I mention this only to underscore the values of hard work and integrity that shaped both of our lives.

As his immediate elder brother, I have always felt a deep responsibility for him. His early years were particularly difficult due to health challenges that limited his ability to participate in normal childhood activities. This isolation shaped him in profound ways. He became deeply devoted to his Christian faith and, at one point, even considered becoming a Catholic priest. While I encouraged him to pursue a professional career as a path out of poverty, his faith and moral grounding have remained central to who he is.

I know my brother to be a fundamentally honest, compassionate, and devoted family man. He has always taken his responsibilities seriously and has been deeply committed to those who depend on him. At the same time, I recognize that his desire to maintain relationships, perhaps rooted in the isolation he experienced growing up, may have contributed to poor judgment in this situation. In my view, this was not the result of greed or disregard for the law, but rather a failure to properly separate personal relationships from professional responsibilities.

Beyond his immediate family, my brother is a trusted and respected member of our broader community. He currently serves as a leader for the natives of our home village, which has grown

to over 3,000 people, and as the executive secretary of our village diaspora association. These roles reflect the confidence others place in his integrity and leadership.

I was also encouraged when he began studying to become a deacon in his church in Fairfax, Virginia, a testament to his continued commitment to faith and service. It is deeply unfortunate that these circumstances have interrupted that path.

I do not seek to excuse his actions, and I understand the seriousness of the offense. However, I respectfully ask the Court to consider the totality of his life, his difficult beginnings, his service to this country, his dedication to family and community, and his genuine character. I firmly believe this incident does not define who he is, and that he remains a man capable of continued contribution and redemption.

Sincerely,

Djedje-Kossu Zahui

2