# Exhibit 8

**J. Kevin O'Brien**

███████████████

**Fairfax, VA 22032**

April 29, 2026

The Honorable Chief Judge James E. Boasberg
U.S. District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Dear Chief Judge Boasberg:

I am writing on behalf of Mathieu Zahui. On February 23, 2026, Mathieu pled guilty to
(1) accepting a gratuity and (2) making a false statement, which are violations of U.S. law,
in connection with his employment at the United States African Development Foundation.

A sentencing hearing is scheduled for May 27, 2026, and I respectfully request that you
sentence him in the most lenient way permissible under the law.

I am an attorney and a retired Special Agent and Senior Executive in the FBI. I am writing to
you as a friend of, and fellow volunteer with, Mathieu.

I know Mathieu personally, through his good works and devotion in our church community,
St. Mary of Sorrows Catholic Church in Fairfax, VA. In my dealings with him, I have found
him to be a man of good character, kind, honest, energetic, with a strong work ethic, who is
generous with his time and efforts as a volunteer to help others.

He is an active member of the parish's largest organization, which runs various events
which benefit the community and which raises funds that are donated to charities.

He co-chaired the St. Mary's Labor Day Picnic, which has been held for over 140 years and
is said to be one of the largest celebrations at the end of the summer in Fairfax County.
Over 700 chicken dinners were cooked, assembled and sold; and several hundred people
from the surrounding community and the parish came to enjoy the games set up for
children, and other activities. Over 100 volunteers were needed to help run the picnic; and
Mathieu spent many hours in the organization, preparation and execution of the project.

He also co-chaired the event titled "International Night-a Taste of the World" which
brought people together to sample foods from about 30 countries, prepared by volunteers
who have emigrated from those countries.

1

Mathieu emigrated from Cote D'Ivoire to the U.S. in 1990. He serves on the Board of Directors of Union Fraternelle des Ivoiriens de DC, a cultural, social and benevolent organization composed of about 10,000 immigrants from Cote D'Ivoire who live in the Delmarva area, which provides help to individual members and families when needs arise.

In church, he ushers at Sunday Mass and participates in a Rosary prayer group and a Bible Study group during the week.

He is a responsible family man. He is married, and three of his children, a 22-year-old student at George Mason University, and ten-year-old twins, live with him and his wife. An older daughter is married with two children and lives in another state. For several years, his father-in-law lived with him and his wife, until he died recently. Mathieu converted a room in his house so his father-in-law could have in-home hospice care and be made as comfortable as possible during his last days.

Mathieu served in the U.S. Marine Corps from 1993 to 2001 and received an Honorable Discharge when he concluded that service.

All the facts above, taken together, show a man of outstanding good character.

His volunteer work as both a leader and a participant in activities which benefit his church and the larger community, his honorable service for more than one tour in the Marine Corps, his responsibility and commitment in taking care of his family, including his compassion shown to his ailing father-in-law, and his faithful, prayerful participation in his religion lead to only one conclusion: Mathieu is a giver, not a taker. A man who steps up and serves, voluntarily. The volume and quality of his volunteer work is notable. And because of his good character, he has a sterling reputation with people who know him.

I respectfully ask you to take into account the facts I have set forth, which clearly show Mathieu's good character; and I further request that you sentence him to the most lenient sentence allowed by law. In particular, I ask that you do not sentence him to any time in confinement, whether in prison or jail. He has accepted responsibility for the wrongful conduct; and this, coupled with his overall good character as outlined above, indicates that this is an isolated instance and therefore incarceration is not necessary, nor would it serve any useful purpose.

Thank you very much for your consideration in this matter.

Very respectfully,

*J. Kevin O'Brien*

J. Kevin O'Brien

2